No. 8296

COURT OF APPEAL

PARISH OF ORLEANS

———————

MRS. WIDOW HENRY H. TOELKE

VERSUS

JOHN M. TOELKE

8296

———————

Dinkelspiel; J.

The facts in this case are substantially as follows:

Miss Barbara Toelke and Mrs. Margaret Simpson, the Executrixes of the last will and testament of their mother, the late Mrs. Henry Toelke, obtained a judgment against the defendant, John M. Toelke, in the full sum of Five Thousand Four Hundred and Seventy Six and 28/100 Dollars ($5476.28) with legal interest and costs.

On this judgment a fifa fi fa was issued and garnishment directed to the Canal Commercial Trust & Savings Bank.

The answer of the bank admits that on February 28th, 1921, at four P. M. it was served with a notice of seizure in the above entitled cause; that at the time there was on deposit with said bank to the credit of John M. Toelke, the sum of One Thousand Nine Hundred and Thirty Dollars and Thirty Eight Cents ($1930.38); that at the time of said service there was then outstanding in the Clearing House of this City, checks drawn on said balance to the following parties to wit:

Check dated February 26th, 1921 in favor of Paul Eugene for $50.00.

Check dated February 28th, 1921 in favor of the Delta Lumber ¢Company for $405.27.

Check dated February 28th, 1921 in favor of P. J. McMahon & Sons Undertaking Company for $7.00.

Check dated February 28th, 1921, in favor of Stauffer Eshelman & Company for $52.40.

Check dated February 25th, 1921 in favor of the Estate of R. J. Holzer for $245.00.

Check dated February 28th, 1921 in favor of the Louisiana Glass & Mirror Works for $19.55.

Further answering aver that said checks were charged against respondent in the Clearing House on the morning of March 1st, 1921, at eight o'clock A. M. and that on account of service of the notice aforesaid, respondent has noted the said checks as drawn against said account and charged to respondent but has refused to pay same until the rights of all parties shall be decided herein.

600

Further shows that at eleven fifteen A. M. on March 1st after the action of the Clearing House aforesaid, that there was served on respondent a petition and notice of seizure thereunder. Further answering shows that said sum on deposit was subject to a debt of Five Hundred Dollars due respondent by said Toelke, and respondent had the right to offset the the said debt against the said defendant and in preference to said seizure.

Further answering finally prays that the above answer may be deemed sufficient and that the several parties mentioned hereinabove may be notified of these proceedings; that the rights of all parties, including respondent's claim, as creditor against said fund may be determined and for judgment distributing the same accordingly and for all general and equitable relief.

This answer was sworn to and filed.

· Subsequently on March 14th, 1921, plaintiff through her attorney, alleged that the bank had filed answers admitting a deposit of One Thousand Nine Hundred and Thirty and 28/100 Dollars, by John M. Toelke and that the defense in behalf of sundry parties named by the bank together with the bank itself, should show cause on a day fixed, why the sum admitted to be due should not be turned over to plaintiffs and the funds placed in the hands of the Civil sheriff to await the further orders of Court.

Subsequently there was filed the petition of intervention and Third opposition by the firm composed of John M. Toelke and George Eitmin, who averred that they composed a firm or partnership trading under the name of John M. Toelke; that said partnership was agreed to and entered into in the month of February 1919 and has been in existance continuously since that date and is now in existance; further that all of the business of said firm was conducted under the name of John M. Toelke, including the bank account of the funds of the said firm, bills of account and the like, but that notwithstanding that the said accounts were carried on in the name of said John M. Toelke, they were the property of said firm.

601

That under the judgment rendered in above numbered and entitled cause against the said John M. Toelke individually, in no manner connected the said firm therewith nor did it grow out of the business of said partnership, and that plaintiff has undertaken to seize by garnishment process, certain funds aggregating the sum of One Thousand Nine Hundred and Thirty and 38/100 Dollars, belonging to said partnership, deposited in its partnership or trade name in the Canal Commercial Bank & Trust Company, and the said plaintiff is threatening to collect and take possession of said funds in payment of said judgment and further that the said plaintiff will take possession of said funds and keep same unl unless prohibited from doing so by this Honorable Court; that the plaintiff is not entitled to collect any portion of the said funds because the said sum does not belong to the said Toelke but belongs to the partnership existing between the said John M. Toelke and George Eitmin, trading under the name of John M. Toelke as hereinabove set forth and reiterating that all of said funds are liable for and belong to the partnership, that prior to the attempt of the plaintiff to seize said funds, the said partnership had drawn and issued the following mentioned checks, against said deposit, to the several parties named thereunder and they are identically the same names and amounts as given in answer to the garnishment proceedings of the bank and hence need not be repeated here.

They further in the 6th article of their intervention state that the firm had borrowed the sum of Five Hundred Dollars from said bank, which sum was credited to the said partnership account for the partnership business and the sum thus stated should be paid out of said funds.

The prayer is that they be permitted to file this petition of intervention and third opposition and that there finally be a judgment decreeing the amount on deposit to be paid to the various parties in the different amounts as stated due them together with the sum of Five Hundred Dollars to the bank, and that the seizure of said funds by

plaintiff be annulled and set aside and declared to be of no validity or effect.

To this petition for intervention and opposition, plaintiff excepted on the ground that said petition disclosed no right or cause of action.

And in the event this exception is overruled, answer, that they have nothing on which to base a belief to paragraph one of petition for intervention; also that they have nothing on which to base a belief to paragraph two of petition for intervention; admitted though to paragraph three, the seizure alleged therein, admitted in paragraph four, that they will take into their possession the funds seized if successful in said seizure.

Not having sufficient information on which to base a belief the allegations of paragraphs five and paragraph six were denied.

Then respondents specially plead estoppel based on the averments contained in said petition and failure to record names of said agreed partnership.

Finally pray that their exceptions be maintained, petition of intervention and third opposition be dismissed at intervendrs' cost, but in the event said exceptions are overruled then that said answer be deemed a good and sufficient answer and that intervenors' petition be dismissed at their costs and for general relief.

We are confronted at the outset on the trial of this case when witnesses for third opponents were introduced in evidence, with the objection of counself for plaintiff, to the following effect:

"I object to any testimony in support of the allegations of the intervention and third opposition herein filed setting up a partnership, on the ground that verbal testimony cannot be deduced to prove a partnership, and on the further ground that there is no allegation of the recordation of any articles of partnership as required by Article 2834 of the Revised Civil Code, by Articles 2836 to 2838 of the Revised Civil Code, by Act 64 of 1918

and by Act 248 of 1918."

The ruling of the judge was "Let ~~theobjection~~ the objection go to the effect."

And throughout the entire testimony as found in this record, and to each and every witness offered by third opponents the same objection was made and the same ruling had, and we are satisfied that the Court erred and the objection should have been maintained.

Article 2837. Firm Name. The business of this partnership must be conducted in the name of all the persons concerned, unless a firm is adopted by the articles of partnership reduced to writing and recorded in the manner directed by the last article.

Article 2838. Names in Firm Name. If the articles be recorded, the parties may themselves adopt a firm which shall be composed of the name of one or more of the partners, but no other name than those of the concerned shall enter in such firm.

Act No. 64 of the Legislature of 1918, provides:

"That no person or persons shall hereafter carry on or conduct or transact any business in this State under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall first file in the office of the Register of Conveyances, in the City of New Orleans, or the Clerk of Court, as the case may be, of the parish or parishes in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which said business is, or is to be conducted or transacted, and the true or real full name or names of the persons or persons owning, conducting or transacting the same, with post office address or addresses of said person or persons. Said certificate shall be executed and duly acknowledged before a notary public by the person or persons so conducting or intending to conduct said business;

604

And Section 2 provides: "That any person or persons now conducting such business under an assumed name or under any such designation referred to in Section 1 of this Act, shall file such certificate as hereinbefore prescribed, within sixty days after this Act shall take effect, and persons hereafter conducting or transacting business as aforesaid, shall, before commencing such business, file such certificate in the manner hereinbefore prescribed."

It is contended that under Section four of the Act of the Legislature, just quoted, which reads: "That this Act shall in no way affect or apply to any corporation duly organized under the laws of this State, or any corporation organized under the laws of any other State and lawfully doing business in this State, nor shall this Act be deemed or construed to prevent the lawful use of a partnership name or designation, provided, that such partnership name or designation, shall include the true real name of at least one of such persons transacting said business." that this partnership in the name of John M. Toelke was in every way a compliance with the law. We do not so construe the law, but on the contrary, that no recordation of this partnership having been filed in the office of the Register of Conveyances of the City of New Orleans, and the real names of the partners composing the partnership and who were conducting the business together with their designation was/a compliance with the statutes, and Toelke having held himself out to the world under the law as the sole owner of whatever business may have been conducted, having deposited the funds in the bank to his individual credit, we consider this under the law his property and his funds, and subject to the seizure in this case.

In so far as the bank is concerned and its claim of Five Hundred Dollars, under the plain provisions of the copy of the note offered in evidence, the note not being due at the time these proceedings were instituted, the defendant, Toelke not having become a bankrupt, no involuntary proceedings filed against him, and not having failed

-in business, the bank had no legal right or lien and privilege on the proceeds in their hands.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment rendered by the Court aquo in this case be and the same is hereby reversed, set aside and annulled, and that there now be judgment in favor of plaintiff, Mrs. Widow Henry H. Toelke, represented by her Executrixes, Mrs Barbara Toelke and Mrs. Margaret Simpson, decreeing that the money seized in the garnishment proceedings in this case, amounting to the sum of One Thousand Nine Hundred and Thirty Dollars and Thirty Eight Cents ($1930.38) be paid to plaintiff in this case,

costs of both Courts, *to be paid by defendant.*
*John M. Toelke—*

-Judgment reversed and judgment
rendered in
favor of plaintiff-